Eastern District of Kentucky
FILED
MAY 1 3 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

CIVIL ACTION NO. 2005-33 (WOB)

ANGSTROM TECHNOLOGIES,
INC.                                                          PLAINTIFF

KENNETH KOOCK                                     INTERVENING PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

DONALD WRAY, ET AL                                           DEFENDANTS


**BERTELSMAN, District Judge:**

Plaintiff, Angstrom Technologies, is a Delaware Corporation, with its principal place of business in this district and division. Intervening Plaintiff, Kenneth Koock, is the Chairman of the Board of Plaintiff, Angstrom Technologies, Inc. Defendant, Donald Wray, is an individual who is a citizen and resident of Florida. Defendant, eStar Lighting, Inc., is a Florida corporation, with its principal place of business in that state.

This action was brought in the Kenton Circuit Court and timely removed to this court. It involves two contracts. The first contract, the "employment contract," is an action against Mr. Wray individually for breach of an employment contract he entered into with the plaintiff to serve as its President and Chief Executive Officer. The complaint alleges he did not perform the duties for plaintiff that he agreed to perform.

1

The second contract is a loan agreement which, on its face, seems to apply only to eStar, but which the complaint and other papers filed by plaintiff allege was also a loan to Wray personally.

Both defendants have filed motions challenging the personal jurisdiction of the court over them. See KRS § 454.210. The defendants argue that in analyzing these motions the contracts should be treated separately, and the court will follow this approach.

## I. The Employment Contract

This motion involves only Wray individually. The motion is readily resolved since the employment contract contains a Kentucky choice of law clause and a forum selection clause stating that the venue of any action filed under the contract will be in Kenton County, Kentucky. Kenton County is the location of the state court where the action was filed and also of the Covington Division of this court.

It is well established that, by voluntarily agreeing to a forum selection clause, Mr. Wray submitted himself to the personal jurisdiction of the forum selected in that clause. *Burger King v. Rudzewicz*, 471 U.S. 462, 472, n. 14, 105 S. Ct. 2174, 2182 (1985); *Ford Dealer Computer Services v. Fullerton Motors*, 42 Fed. Appx. 770, 772 (6th Cir. 2002)(and cases therein cited); *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 23 (2nd Cir. 2004);

*Dominium Austin Partners, LLC. v. M.J. Emerson*, 248 F.3d 720,726 (8th Cir. 2001); *Menorah Insurance Co., LTD. v. INX Reinsurance Corp.*, 72 F.3d 218, 222 (1st Cir. 1995); Wright & Miller, 4 Fed. Prac. & Proc. Civ. 3d § 1064.

In light of the forum selection clause, it is not necessary to discuss Wray's other contacts with the present forum. However, the court will observe that abundant other contacts do exist that support the personal jurisdiction of this court: Wray agreed to be the CEO of a corporation whose principal place of business, including its corporate offices and plant, is in Kentucky; he visited Kentucky twice in connection with the contract; the contract provided that Kentucky law would govern its interpretation; and Wray's compensation was in part to be a percentage of gross sales of the company, whose products were manufactured in Kentucky. Mr. Wray argues that it was understood that he was to perform most of his duties from his residence in Florida but, in the view of the court, these other contacts overcome that consideration, even if the forum selection clause were not considered.

## II. The "Letter Agreement"

The parties refer to the contract to advance moneys to eStar as the "letter agreement," and the court will do the same. As the name implies, this agreement was embodied in a letter drafted by plaintiff's Kentucky counsel and sent from Kentucky. Apparently,

3

it was negotiated by a conference call in which all but one of the participants was outside Kentucky. The agreement provides for advancements of moneys to eStar by plaintiff in contemplation of plaintiff's acquiring eStar. It provided further that, if the acquisition did not take place, the advancements were to be considered loans.

Wray signed this agreement as President of eStar, at the same time that he was president of plaintiff, Angstrom Technologies, Inc. Substantial funds were advanced by checks written from plaintiff's Kentucky office, but the acquisition did not occur. Plaintiff, therefore, seeks repayment of the funds in this action. Although the letter agreement seems to commit only eStar to such repayment, plaintiff alleges, without shedding much light on its theory, that Wray is also individually liable. Apparently eStar had no other contacts with Kentucky.

Because of the unusual situation that Wray, over whom this court clearly has personal jurisdiction, was president of both signatories of the letter agreement, and because it is not clear what interest he had in eStar and whether his contacts to this forum may be attributed to eStar, the court believes that discovery is required to clarify the facts and circumstances pertinent to the letter agreement.

4

Therefore, the court being advised,

**IT IS ORDERED AS FOLLOWS:**

1. That the motion of defendants, Donald Wray and eStar Lighting, Inc., to dismiss for lack of personal jurisdiction (**Doc. #3**) be, and it is, hereby **DENIED**;

2. That the parties shall conduct discovery regarding the exact circumstances bearing on this court's personal jurisdiction over the defendant eStar; in the interest of economy this discovery may be conducted jointly with discovery on the merits or may be done separately as the parties may find most convenient;

3. That discovery on the long arm issue shall be completed not later than **August 12, 2005**;

4. That defendant eStar shall file its supplemental memorandum in support of its personal jurisdiction motion not later than **fifteen (15) days** from the close of discovery on this issue, with response times being governed by the Joint Local Rules;

5. That discovery on the merits shall be concluded not later than **November 12, 2005**;

6. That dispositive motions on the merits shall be filed not later than **thirty (30) days** after the close of discovery.

This 13th day of May, 2005.

*/s/ William O. Bertelsman*
**WILLIAM O. BERTELSMAN, JUDGE**