## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## COVINGTON DIVISION

**ANGSTROM TECHNOLOGIES, INC.,**
**et al.,**

**Case No. 05-33-WOB**

      **Plaintiffs,**

**Hon. William O. Bertelsman**

        **v.**

**RESPONSE TO REQUEST**
**FOR ADMISSIONS**

**DONALD WRAY, et al.,**

      **Defendants.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the Intervening Plaintiff, Kenneth Koock, by and through counsel, and hereby submits the within responses to Requests for Admissions.

General Objection – Kenneth Koock hereby objects to the unilaterally established deadline of 28 days following the date of service within which to serve its responses and objections. Federal Rules of Civil Procedure grant the Intervening Plaintiff 30 days from the within date of service to respond to the Request for Admissions.

    1.    Admit that Donald Wray was not a party to Exhibit B attached to Angstrom's Complaint.

    **ANSWER**:

Admit.

    2.    Admit that Donald Wray did not sign Exhibit B attached to Angstrom's Complaint in his personal capacity, but rather signed it as a representative of e-STAR Lighting.

    **ANSWER**:

Admit.

3.      Admit that Intervening Plaintiff was not a party to Exhibit B attached to Angstrom's Complaint.

**ANSWER**:

Admit.

4.      Admit that Donald Wray did not personally promise, represent, warrant or otherwise agree to be personally responsible to Angstrom for any amounts due and payable pursuant to Exhibit B attached to Plaintiff's Complaint.

**ANSWER**:

Deny.

5.      Admit that Intervening Plaintiff has no standing to assert any monies due and payable to him pursuant to Exhibit B attached to Angstrom's Complaint.

**ANSWER**:

Admit that the Intervening Plaintiff's Complaint is not based on Exhibit B, to which Intervening Plaintiff is not an individual party.

6.      Admit that Donald Wray did not personally promise, represent, warrant or otherwise agree to be personally responsible to Intervening Plaintiff for any amounts due and payable pursuant to Exhibit B attached to Angstrom's Complaint.

**ANSWER**:

See Answer to No. 5.

7.      Admit that no representative of Angstrom signed Exhibit B attached to Angstrom's Complaint, as evidenced by the document that is attached to Plaintiff's Complaint.

**ANSWER**:

Deny.

8.     Admit that Intervening Plaintiff did not sign Exhibit B attached to Angstrom's Complaint, as evidenced by the document that is attached to Plaintiff's Complaint.

**<u>ANSWER</u>**:

Admit that Intervening Plaintiff did not sign Exhibit B in his individual capacity.

9.     Admit that had Intervening Plaintiff signed Exhibit B attached to Angstrom's Complaint, you would have done so as a representative of Angstrom and not in your personal capacity.

**<u>ANSWER</u>**:

Object to the form of this discovery request.  It calls for a legal conclusion, calls for speculation, and further appears to presume that the Intervening Plaintiff would have been the only individual who would have had authority to sign Exhibit B on behalf of Angstrom.

10.     Admit that Intervening Plaintiff was not a party to Exhibit A attached to Plaintiffs' Complaint.

**<u>ANSWER</u>**:

See Answer to No. 8.

11.     Admit that Intervening Plaintiff has no standing to assert any monies due and payable to him pursuant to Exhibit A attached to Angstrom's Complaint.

**<u>ANSWER</u>**:

Admit that Intervening Plaintiff's Complaint is not based on Exhibit A.

12.     Admit that Donald Wray did not personally promise, represent, warrant or otherwise agree to be personally responsible to Angstrom for any amounts due and payable pursuant to Exhibit A attached to Angstrom's Complaint.

**<u>ANSWER</u>**:

Deny.

13.    Admit that Donald Wray did not personally promise, represent, warrant or otherwise agree to perform any services for Intervening Plaintiff personally pursuant to Exhibit A attached to Angstrom's Complaint.

**ANSWER**:

Admit.

14.    Admit that Donald Wray did not personally promise, represent, warrant or otherwise agree to be personally responsible to Intervening Plaintiff for any amounts due and payable pursuant to Exhibit A attached to Angstrom's Complaint.

**ANSWER**:

Deny.

15.    Admit that Angstrom terminated Donald Wray's employment pursuant to paragraph G(4) of Exhibit A attached to Angstrom's Complaint.

**ANSWER**:

Admit.

16.    Admit that Angstrom ceased making payment of compensation to Donald Wray pursuant to paragraph G(4) of Exhibit A attached to Angstrom's Complaint, and thereafter did not pay any amount of compensation to Donald Wray pursuant to Exhibit A attached to Angstrom's Complaint.

**ANSWER**:

Deny.

17.    Admit that Intervening Plaintiff never made any personal payment of compensation to Donald Wray pursuant to Exhibit A attached to Angstrom's Complaint.

**ANSWER**:

Admit.

18.    Admit that Intervening Plaintiff never made any transfer of his personal funds to Donald Wray personally.

4

**ANSWER**:

Admit.

19.     Admit that Donald Wray did not personally promise, represent, warrant or otherwise agree to be personally responsible to Intervening Plaintiff for any amounts due and payable pursuant to any contract or agreement.

**ANSWER**:

Deny.

20.     Admit that Donald Wray did not sign any document in which he had agreed to guarantee, honor, discharge or otherwise pay any debt of eSTAR Lighting to Angstrom.

**ANSWER**:

Kenneth Koock is without sufficient knowledge to either admit or deny this request provided, however, that Kenneth Koock will admit that he is unaware of any such document.

21.     Admit that Donald Wray did not sign any document in which he agreed to guarantee, honor, discharge or otherwise pay any debt of eSTAR Lighting to Kenneth Koock.

**ANSWER**:

Admit.

S/ N. Jeffrey Blankenship
N. Jeffrey Blankenship (#05795)
MONOHAN & BLANKENSHIP
7711 Ewing Blvd., Ste. 100
PO Box 157
Florence, Kentucky 41022-0157
(859) 283-1140
(859) 283-5155 Fax
*Email: jeff@kyattys.com*

## **Certificate of Service**

     **I hereby certify that this 22nd day of September, 2005, I mailed and/or faxed a copy of the foregoing to all involved parties or their attorney of record.**

S/ N. Jeffrey Blankenship
cc:    Scott R. Brown, Esq.
       Frost Brown Todd LLC
       2200 PNC Center
       201 East Fifth Street
       Cincinnati, Ohio 45202

       Robert A. Winter, Jr., Esq.
       David H. Steele, Esq.
       Hemmer Pangburn DeFrank PLLC
       250 Grandview Drive, Suite 200
       Fort Mitchell, Kentucky 41017

       Mark D. Guilfoyle, Esq.
       Deters Benzinger LaVelle PSC
       207 Thomas More Parkway
       Crestview Hills, Kentucky 41017

s:\blknship\contract\breach\koock, ken\pleadings\Responses to Request for Admissions.doc